Fecteau, J.
This is an action filed by the plaintiffs under the provisions of G.L.c. 251, seeking the appointment of an arbitrator. On September 15, 1999, the parties hereto appeared before arbitrator Kevin Doyle for a hearing in connection with the claim of the plaintiffs for underinsured motorist benefits under their Massachusetts automobile policy. He issued his decision on September 27, 1999, awarding benefits to both plaintiffs. The • plaintiffs’ motion to confirm arbitrator’s award was filed on October 14, 1999, and the defendant’s motion to vacate the award was filed on October 19, 1999. The parties were first heard on these motions on November 19, 1999.
The defendant contends that the arbitration award should be vacated on the ground that the arbitrator accepted documentary evidence in violation of his own order that the parties exchange such evidence no less than 7 days prior to the hearing. The defendant contends that the plaintiff submitted evidence during the hearing that it was first made aware of only two days prior to the hearing and upon which, in part, the award is based. The defendant points specifically to the fact that on August 18, 1999, the plaintiff Judith Gallauresi underwent a surgical procedure and that it was records and bills for that procedure, among other records about which it complained to the arbitrator and complains to this court. In addition, the defendant contends that it requested a postponement or suspension of the hearing in order to have an opportunity to have such new records reviewed by a medical consultant. The arbitrator apparently denied such request.
The plaintiff opposes the defendant’s motion, stating that the defendant had timely notice of their intended documentary evidence and that if the defendant was surprised by new information, it had only itself to blame for untimely attention to the opportunities it had under the policy to conduct such investigation. They complain further that this is just another in a series of groundless claims of prejudice arising out of an inadequate opportunity to conduct discovery prior to the hearing, including an “oral examination under oath,” which has been the subject of other orders of this court. The plaintiffs claim that all of their documentary evidence was submitted to the defendant in their response to documentary request, served on August 27, 1999.
On November 23, 1999, the matter was remanded to the arbitrator to make further findings of fact regarding these issues, especially concerning the aspect of the plaintiffs damages relating to surgery that occurred on August 18, 1999 [11 Mass. L. Rptr. No. 4, 74 (February 28, 2000) (Fecteau, J.)]. The arbitrator’s *560 findings were filed with the court on January 24, 2000. The court then ordered the parties to file supplemental briefs on the motions before the court. The parties were again heard on March 17, 2000.
The defendant seeks to vacate the arbitrator’s award primarily on the ground that, due to the late disclosure of documentation relative to the plaintiffs surgical procedure, and a lack of opportunity to evaluate and prepare a defense with respect to that information, it had sufficient cause for a continuance of the arbitration hearing, pursuant to G.L.c. 251, sec. 12(a)(4), which the arbitrator refused to allow. The plaintiff contends otherwise, saying that although it may not have known about the surgery, it knew or should have known about the condition that the plaintiff was suffering from, that she had not achieved an end result, that some medical reports intimated the possible need for surgery, and that the arbitrator excluded the documentation concerning the surgery, notwithstanding having permitted the plaintiff to testify about the diagnosis, the surgery and, presumably, the recovery and her post-surgical condition.
It appears as though the arbitrator may have misunderstood the basis for a ruling of the court, made on September 10, 1999, which compelled the hearing to be held on September 15, 1999. This ruling was made in response to a request made by the defendant to stay arbitration due to its recently filed action seeking declaratory judgment regarding the failure of the plaintiff to attend an “examination under oath.” The court’s ruling, denying the stay of arbitration proceedings and granting an order to compel the arbitration hearing, was not based upon any claim of late-discovered information or for any other perceived violations of the discovery permitted in the arbitration matter. The orders of the court were not intended to remove from the arbitrator’s discretion any of his authority under section 5 of the arbitration act, to grant postponements or adjournments of the hearing.
Consequently, the matter is again remanded to the arbitrator for his determination, given the significance of the surgical intervention of August 18, 1999, and the medical expenses attendant thereto, whether he would have granted the defendant additional time, either prior to the commencement of the hearing, or following a suspension thereof, to evaluate and present evidence thereon, had he been aware of the court’s explication of its ruling, per the preceding paragraph. The arbitrator may report his supplemental findings without further evidence or argument taken from the parties.